**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:

|  |  |  |
|---|---|---|
| Erie Kash Out Properties, LLC, | : | Case No. 26-11440-amc |
|  | : |  |
| Debtor | : | Chapter 11, Subchapter V |

**VERIFIED STATEMENT OF DEMETRIUS J. PARRISH, JR., PURSUANT TO 11 U.S.C. §§ 327, 329, AND 504 AND F.R.B.P. 2014(a) AND 2016(b)**

I, Demetrius J. Parrish, Jr., of full age, being duly sworn according to law, upon my oath, depose and state as follows:

1. I am an attorney-at-law in the Commonwealth of Pennsylvania and maintain my law office at 7715 Crittenden Street, No. 360, Philadelphia, Pa. 19118.

2. I submit this Verified Statement pursuant to 11 U.S.C. §§ 327, 329, and 504 and F.R.B.P. 2014(a) and 2016(b) in support of the Application of Erie Kash Out Properties, , LLC (the "Debtor") to retain me as bankruptcy counsel in the above-captioned case.

3. The Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code on April 6, 2026.

4. Since the filing of the case, the Debtor has remained in possession of its assets and continues to operate its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5. The legal services I will provide to the Debtor include, but are not limited to, the following:

   a. Providing legal advice with respect to the Debtor's powers and duties as a debtor-in-possession in the continued operation of its business;

   b. Preparing and pursuing confirmation of a plan of reorganization and approval of the corresponding solicitation procedures and disclosure statement;

   c. Preparing on behalf of the Debtor necessary applications, motions, answers, orders, reports, and other legal papers;

   d. Appearing in court and otherwise protecting the interests of the Debtor before the court; and

   e. Performing all legal services for the Debtor which may be necessary and proper in these proceedings.

6. I have reviewed the Debtor's circumstances and am familiar with its business and legal affairs. My continued representation of the Debtor as restructuring and bankruptcy counsel is critical to the success of the Debtor's reorganization efforts.

7. I have significant experience in bankruptcy law and have represented numerous debtors in Chapter 11 cases. My familiarity with the Debtor's circumstances and my knowledge in representing debtors in bankruptcy proceedings make me well-qualified to act as counsel for the Debtor.

8. Prior to filing its bankruptcy, on March 18th and 19th, 2026, Debtor paid me a total fee of $10,000.00 intended to representing Debtor in a Motion for Reconsideration of Sanctions entered against the Debtor on March 6, 2026 and a Motion for Expedited Hearing and representation at the hearing and a subsequent Chapter 11 subchapter V Bankruptcy. (See Attached).

9. Prior to filing the Chapter 11 on April 2, 2026, Counsel refunded $5,000.00 to Debtor to use the pay trustee fees and sanctions from its prior bankruptcy.

10. On or about March 22, 2026, I was retained by the Debtor to provide legal services in connection with its Chapter 11 case. My hourly rate for this engagement is $475.00 per hour.

11. The amounts paid from the retainer are as follows:

| Date Payment Received | Amount Received | Amount Refunded to Debtor to pay Trustee fees and Sanctions | Amount Applied to Services rendered before filing the above bankruptcy See Exhibit "A" attached. | Amount Applied to filing fee | Amount Remaining in Trust on Petition Date |
|---|---|---|---|---|---|
| 3/22/2026 | $10,000.00 | $5,000.00 | $2,725.50 | $1,738.00 | $536.50 |

12.    To the best of my knowledge and belief, I do not hold or represent any interest adverse

to the Debtor, its creditors, or the bankruptcy estate in this matter. I am a "disinterested

person" within the meaning of 11 U.S.C. § 101(14) in that:

   a. I am not a creditor, equity security holder, or insider of the Debtor;

   b. I am not and was not, within two (2) years before the date of the filing of the Debtor's

      Chapter 11 petition, a director, officer, or employee of the Debtor; and

   c. I do not have an interest materially adverse to the interest of the bankruptcy estate or

      of any class of creditors or equity security holders, by reason of any direct or indirect

      relationship to, connection with, or interest in, the Debtor, or for any other reason.

13.    I have conducted a conflicts check and have determined that I have no connections with

the Debtor, its creditors, or any other party in interest, their respective attorneys and

accountants, the United States Trustee, or any person employed in the Office of the United

States Trustee, except as disclosed herein.

14. I have not shared or agreed to share any compensation or reimbursement of expenses to be

paid to me in this case with any other person, except as permitted.

15. I will submit detailed statements to the court setting forth the services rendered during the

Chapter 11 proceedings, seeking compensation and reimbursement of expenses, and

seeking, when appropriate, authority to apply any retainer.

16. I acknowledge that the statements set forth in this Verified Statement are made subject to

the penalties of both 28 U.S.C. § 1746 and 18 Pa. C.S. § 4904 relating to unsworn falsification

to authorities.

Date: April 6, 2026

/s/ Demetrius J. Parrish, Jr.
Demetrius J. Parrish, Jr.

**Demetrius J. Parrish Jr. - Erie Kash Out Properties, LLC 25 - 11729 amc**

| Date | Description | Amount |
|------|-------------|--------|
| 3/17/26 | Correpondence to H. Smith Miller | 0.1 |
| 3/17/26 | Cf: Holly Smith Miller | 0.1 |
| 3/17/26 | Ct Holly Smith Miller | 0.1 |
| 3/17/26 | Ct: K Richardson | 0.1 |
| 3/17/26 | Ct Holly Smith Miller | 0.1 |
| 3/17/26 | Cf: Holly Smith Miller | 0.1 |
| 3/17/26 | Ct: K Richardson | 0.1 |
| 3/18/26 | Cf:K Richardson | 0.1 |
| 3/18/26 | Ct: K Richardson | 0.1 |
| 3/18/26 | Ct Holly Smith Miller | 0.1 |
| 3/18/26 | Cf: Holly Smith Miller | 0.1 |
| 3/18/26 | Ct: K Richardson | 0.1 |
| 3/18/26 | Cf: Holly Smith Miller | 0.1 |
| 3/18/26 | Ct: K Richardson | 0.1 |
| 3/27/26 | Correpondence to P. Blalock re: Expedited Motion | 0.2 |
| 3/27/26 | Cf: P. Blalock | 0.1 |
| 3/27/26 | Ct: P. Blalock | 0.1 |
| 3/27/26 | Receipt and Review of proof of payment | 0.1 |
| 3/30/26 | Drafted for Filing Motion for Reconsideration | 0.1 |
| 3/30/26 | Drafted Expedited Motion | 1.0 |
| 3/30/26 | Ct: P. Blalock | 0.1 |
| 3/31/26 | Cf: P. Blalock | 0.1 |
| 3/31/26 | Ct: P. Blalock | 0.1 |
| 3/31/26 | Preparaton of Kerryn Richardson's certification | 0.75 |
| 3/31/26 | Ct: P. Blalock | 0.2 |
| 4/1/26 | Cf: P. Blalock | 0.1 |
| 4/1/26 | Ct: Secured Creditors re: Expedited motion | 0.1 |
| 4/1/26 | Cf: P. Thurmond | 0.1 |
| 4/1/26 | Cf: A. Arroyo | 0.1 |
| 4/2/26 | Ct: P. Blalock | 0.1 |
| 4/2/26 | Cf: P. Blalock | 0.1 |
| 4/2/26 | Ct: P. Blalock | 0.1 |
| 4/2/26 | Cf: P. Blalock | 0.1 |
| 4/2/26 | Receipt and Review of Court's Expedited Order | 0.2 |

|  |  | 5.25 |
|--|--|------|
| | Postage | $231.55 |
| | Total: | |
| | | $2,725.50 |