**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| Erie Kash Out Properties, LLC, | § | Case No. 26-11440-AMC |
| Debtor. | § | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE (WITH A BAR TO REFILING) OR CONVERT TO CHAPTER 7 FOR FAILURE TO (I) DEMONSTRATE VIABLE PATH TO REORGANIZATION AND (II) COMPLY WITH COURT ORDER**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 1112(b) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned case or converting the case to chapter 7. In support of this Motion, the U.S. Trustee states as follows:

## JURISDICTION

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2. The U.S. Trustee is charged with ensuring that required MORs are timely and properly filed. 28 U.S.C. § 586(a)(3)(D); *In re Mullock*, 404 B.R. 800, 809

(Bankr. E.D. Pa. 2009) (the form and content of the monthly operating reports are controlled by the U.S. Trustee).

3. Under Bankruptcy Code section 307, the U.S. Trustee has standing to be heard on the Motion.

4. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

**BACKGROUND AND FACTS**

5. On April 6, 2026 (the "Petition Date"), Erie Kash Out Properties, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On May 2, 2025, the Debtor filed a prior voluntary petition for relief under chapter 11 of the Bankruptcy Code, which commenced the case captioned *Erie Kash Out Properties LLC*, Case No. 25-11729-AMC (the "Prior Bankruptcy").

7. On January 1, 2026, the Court entered an order (Prior Docket No. 92) (the "Dismissal Order") dismissing the Prior Bankruptcy due to the Debtor's failure to file operating reports and comply with prior order of the Court. The Dismissal Order also required that the Debtor pay the allowed fees of the Sub V Trustee and provided notice that "the Court may issue contempt sanctions against the Debtor" if the fees were not paid. Dismissal Order, ¶ 6.

8. On January 20, 2026, the Debtor filed the *Motion to Reinstate Bankrptucy Case* (Prior Docket No. 99) (the "Motion to Reinstate").

9. On January 28, 2026, the Court entered an Order (Prior Docket No. 108) denying the Motion to Reinstate.

10. On February 26, 2026, the Sub V Trustee filed the certification of default (Prior Docket No. 113) due to the Debtor's failure to pay her fees as required by the Dismissal Order. The certification again provided notice that the Court may issue contempt sanctions due to the failure to pay.

11. On March 6, 2026, the Court entered the *Order Regarding Debtor's Payment Of Subchapter V Trustee Fee* (Prior Docket No. 122) (the "Bar Order"). Through the Bar Order, the Court barred any subsequent filings absent payment in full of the fees of the Sub V Trustee.

12. On March 30, 2026, the Debtor filed the *Motion for Reconsideration of Sanctions* (Docket No. 125) (the "Reconsideration Motion"). Through the Reconsideration Motion, the Debtor admitted that it had not yet paid the totality of the fees of the Sub V Trustee, but the Debtor nevertheless requested relief from the prohibition against filing a subsequent bankruptcy.

13. On April 7, 2026, the Court held a hearing on the Reconsideration Motion. The Debtor was required to upload a form of order after the hearing. (Docket No. 133). Despite multiple follow up emails from the Court, the Debtor has not uploaded a proposed order. The prohibition on filing in the Bar Order therefore

remained in effect as of the Petition Date of the instant bankruptcy case and continues to be in effect as of the date of this Motion.

14. On the Petition Date of the current case, the Debtor filed, among other things, Schedule A/B (Docket No. 1). On Schedule A/B, the Debtor certified that it has no assets other than a single parcel of real property, including, without limitation, no cash or cash equivalents, no bank accounts, and no accounts receivable.

15. On June 6, 2026, the Debtor filed the Monthly Operating Report for May 2026 (Docket No. 63) (the "May MOR"). Through the May MOR, the Debtor certifies that it held $20.01 as of the end of May.[1] Despite that certification, the bank statement attached to the May MOR reflects a balance of negative $12.22 (*i.e.*, the Debtor's only account is overdrawn).

16. On July 23, 2026, the Court entered the *Final Order Authorizing The Debtor In Possession To Use Cash Collateral And Granting Related Relief* (Docket No. 69) (the "Cash Collateral Order"). The operating budget (the "Budget") attached to the Cash Collateral Order details that the Debtor projects net income of $3.18.

17. On July 6, 2026, the Debtor filed its proposed *Chapter 11 Subchapter V Plan Of Reorganization* (Docket No. 64) (the "Proposed Plan"). The Proposed Plan projects $1,672.00 in disposable monthly income despite the Debtor's Budget

[1] The monthly operating report for June has not been filed and is past due. The U.S. Trustee reserves all rights to also seek dismissal or conversion for a failure to file operating reports at the hearing on this Motion.

projecting disposable income of $3.18. Notably, as of the time of entry of the Cash Collateral Order, the Debtor's units were fully rented, and its income had already stabilized in the projections set forth in the Budget.[2] Thus the $3.18 in monthly income is projected under the stabilized operations that form the foundation for the projections set forth in the Plan.

18. On April 13, 2026, the Court entered the *Scheduling Order And Notice Of Status Conference* (Docket No. 24) (the "Sub V Order"). Pursuant to the Sub V Order, the Debtor is required to, among other things, (i) file the pre-status conference report by May 13, 2026 and (ii) pay $500 in interim monthly compensation to the Subchapter V Trustee.

19. The Debtor filed the pre-status conference report on May 26, 2026, which was thirteen (13) days after the Court-ordered deadline to do so.

## RELIEF REQUESTED

20. Through this Motion, the U.S. Trustee seeks entry of an order dismissing the Debtor's case or converting the case to chapter 7.

[2] "As of July 6, 2026, all three units are fully rented, generating a stable monthly rental income. The Debtor has addressed the repair needs and stabilized operations, enabling it to propose this Plan of Reorganization under Subchapter V of Chapter 11." Proposed Plan, p. 1.

A. **<u>Cause Exists Pursuant to Bankruptcy Code section 1112(b)(4)(A)</u>**

21. Cause, as defined in Bankruptcy Code section 1112(b), includes the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

22. The Debtor started the case with no cash, held negative $12.22 as of its most recent operating report (*i.e.*, held less than $0), and will generate $3.18 in net revenue under its stabilized financial projections.

23. Moreover, the $3.18 in net revenue is predicated upon not more than $500 per month in Sub V Trustee fees and not more than $325 per month in professional fees for Debtor's counsel. Debtor's counsel bills at an hourly rate of $475. *See* Docket No. 3). Accordingly, the estate will be administratively insolvent should counsel work on the case for even a single hour per month. Continued operation in bankruptcy therefore will result in a continuing loss to or diminution of the estate.

24. The proposed Plan is not feasible under Bankruptcy Code section 1129(a)(11) because the Debtor does not have credible net positive cash flow to make the mandatory minimum distribution of disposable income required under the Plan.

25. Moervoer, the Debtor filed its prior case in May of 2025. The Debtor has been in and out of Subchapter V bankruptcy for more than a year and in that time has made no progress and has been unable to propose a confirmable bankruptcy plan. "The reorganization process is finite and the time has come to end

this case." *In re Biz As Usual, LLC*, 627 B.R. 122, 134 (Bankr. E.D. Pa. 2021) (dismissing case after finding debtor's sixth proposed plan was not feasible and where the case had been pending for more than a year).

26. Debtor has not demonstrated a viable strategy for rehabilitation nor demonstrated that continuing in bankruptcy will result in anything other than a substantial or continuing loss to or diminution of the estate. Accordingly, the Debtor's failure to offer a viable and expeditious path to plan confirmation constitutes cause to either dismiss or convert this case under Bankruptcy Code section 1112(b)(4)(A).

B. **Cause Exists Pursuant to Bankruptcy Code section 1112(b)(4)(E)**

27. Cause, as defined in Bankruptcy Code section 1112(b), includes the "failure to comply with the an order of the Court." 11 U.S.C. § 1112(b)(4)(E). Willfulness is not necessary to determine cause. *Alston v. DeAngelis (In re Alston)*, Case No. 13-cv-1855, 2013 U.S. Dist. LEXIS 168661, *26 (E.D. Pa. Nov. 27, 2013) (citations omitted).

28. The Sub V Order required filing of the pre-status report by May 13, 2026. The Debtor did not file the report until May 26, 2026.[3]

29. Moreover, the Bar Order prohibited the filing of the instant case. Despite multiple follow up inquiries from the Court, the Debtor has failed to submit

[3] Under the Sub V Order, the Debtor is also required to pay $500 in interim monthly compensation to the Subchapter V Trustee. Cause for dismissal or conversion will be established should the Debtor fail to make any such payments.

a proposed form of order that would allow the present case to proceed and the Bar Order remains in effect

30. The Debtor's failure to comply with prior orders of this Court is cause to convert or dismiss under Bankruptcy Code section 1112(b)(4)(E).

**BAR TO REFILING**

31. This Court has the power to restrict future filings by the Debtor. *See In re Narod*, 138 B.R. 478, 484 (E.D. Pa. 1992) (stating that the court may preclude additional bankruptcy filings by the debtor within "whatever time period the court deems reasonable"). Pursuant to Bankruptcy Code sections 105(a) and 349(a), this Court may dismiss the case with bar against further filing by the Debtor. *See In re Iredia*, 556 B.R. 691, 699-700 (Bankr. E.D. Pa. 2016). The U.S. Trustee requests a bar to any subsequent filings by the Debtor until such time as the Debtor can demonstrate any future filing would have a reasonable likelihood of success.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: July 27, 2026

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: 202.934.4154
John.Schanne@usdoj.gov