**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| Erie Kash Out Properties, LLC, | § | Case No. 26-11440-AMC |
| Debtor. | § | |

**ORDER DISMISSING CASE**

Upon the *Motion Of The United States Trustee To Dismiss Debtor's Case (With A Bar To Refiling) Or Convert To Chapter 7 For Failure To (i) Demonstrate Viable Path To Reorganization And (ii) Comply With Court Order* (the "Motion"), and the Court having considered the Motion, all related filings, and the record as a whole, and this Court possessing jurisdiction over this matter and venue being proper, and notice of the Motion having been sufficient and no further notice is required, and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefore; and the Court finding that payment of the fees of the Sub V Trustee is required as an administrative expense and that any failure to pay may result in the issuance of contempt sanctions and a bar to any future bankruptcy filings by the Debtor; it is hereby:

ORDERED, ADJUDGED AND DECREED THAT:

1) The Motion is GRANTED.
2) The Debtor's bankruptcy case is hereby DISMISSED.
3) The Debtor is hereby barred from filing any subsequent bankruptcy case under any chapter of the Bankruptcy Code unless or until the Debtor files a motion

seeking relief from this Order for good cause, which good cause must include the Debtor providing evidence of a reasonable likelihood of rehabilitation in any subsequent bankruptcy filing.

4) All applications for allowance of administrative expenses by the Sub V Trustee (including applications for allowance of professional fees) shall be filed within fourteen (14) days of the entry of this Order.

5) Promptly after the expiration of the response period for any application authorized by Paragraph 4 above, the Sub V Trustee shall file either:

   a. a Certification of No Response confirming that neither an objection to the proposed compensation nor an application for administrative expense has been filed; or

   b. a Certification that an objection or an application has been filed (after which the Clerk shall schedule a hearing on all such applications).

6) The Debtor shall pay outstanding unpaid fees to the Sub V Trustee in the amount as the Court may approve upon application, within ten (10) days of the entry of the Order entered with respect to such fees.

7) Promptly after the expiration of the period for payment authorized by Paragraph 6 above for which payment is not received, the Sub V Trustee shall file a Certification of Default confirming that payment has not been made and the Court will schedule an emergency hearing, at which time the Court may issue contempt sanctions against the Debtor, which may include, without limitation, a bar to any future filings by the Debtor.

8) If no Certifications noted herein have been entered on the docket within sixty (60) days of the entry of this Order, then the Clerk shall Close the case pursuant to 11 U.S.C. § 350.

9) The Bankruptcy Court may retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Sept. 11, 2026

The Honorable Ashely M. Chan
Chief United States Bankruptcy Judge